IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20493
_____

CLAUDE HOWARD JONES,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(97-CV-2885)

_____

March 1, 2000

Before HIGGINBOTHAM, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The district court granted Director Johnson's motion for summary judgment, denied Claude Howard Jones's petition for writ of habeas corpus, and granted a certificate of appealability. Jones brings three issues in his appeal. His first argument rests on the retroactivity of the State of Texas's shift in the definition of reasonable doubt. It presents no question of constitutional magnitude.

Jones next urges error in the admission at trial of expert opinion testimony by State's witnesses which "embraced the ultimate

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue" of the case. Jones points, for example, to the admission into evidence of the opinion testimony of Ranger Tommy Walker expressing the opinion that a robbery had occurred. We find no error of constitutional magnitude in these evidentiary rulings.

Finally, Jones argues that there is insufficient evidence to support a conviction of capital murder. The argument focuses on the question of whether the State offered sufficient evidence that Jones murdered Mr. Hilzendager, the proprietor of the liquor store, in the course of a robbery, as well as the sufficiency of the evidence that Jones was the culprit. We find the evidence sufficient.

There was evidence that the robbery occurred at approximately 6:00 to 6:30 p.m., nearly three hours before the scheduled closing time. The till had been removed from the cash drawer and contained no paper money. A part-time employee testified that it would be unusual to have no paper money during store hours.

Finally, the evidence of identification, as well as testimony regarding statements by the defendant that he had killed Hilzendager, is more than sufficient to support the jury's belief that Jones was the culprit.

The stay of execution is VACATED, and the judgment of the district court dismissing the petition is AFFIRMED.